UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

Cyril Wolff,                                                           Civil No. 09-437 PJS/AJB

                     Petitioner,

v.                                        **REPORT AND RECOMMENDATION**

M. Cruz, Warden,
Federal Prison Camp–Duluth,

                     Respondent.

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on petition for habeas corpus relief by a federal prisoner pursuant to 28 U.S.C. § 2241. The action has been referred to the magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. Petitioner Cyril Wolff is confined at the Federal Prison Camp at Duluth, Minnesota, pursuant to conviction and sentencing in United States District Court, Northern District of Illinois, on wire fraud charges. Mr. Wolf was sentenced to a term of 21 months, to be followed by three years supervised release. His projected release date, with credit for good time, is July 20, 2010.

It is petitioner's claim in this action that respondent has improperly applied the Second Chance Act of 2007 ("SCA"), Public Law 110-199. Petitioner has been advised that he would be eligible for sixty to ninety days Residential Reentry Center ("RRC") placement immediately prior to his projected release date, thereby allowing RRC placement in April 2010. He now argues that the respondent has erred in failing to grant him the significantly greater amount of community or home confinement time allowed under the SCA. Mr. Wolff specifically contends that respondent has applied categorical exclusions in denying his request

for maximum RRC placement time and thereby failed to evaluate his circumstances on an individualized basis. In addition, the prisoner insists that respondent has applied incorrect reasoning as justification for denying his request, resulting in his being denied RRC placement of sufficient duration to provide the greatest likelihood of successful community reintegration. Plaintiff asserts that an allowance of at least 11 months community confinement would permit him the opportunity to obtain employment as a college mathematics professor and begin teaching in September 2009. Wolff acknowledges that he has not exhausted available administrative remedies and argues that he should be excused from the exhaustion requirement on futility grounds, as illustrated by calculations regarding the amount of time required to complete the entire administrative appeals process. Respondent opposes the petition in this matter, asserting that Mr. Wolff is not entitled to the relief he requests and, in addition, he must complete the BOP's three-part administrative process before seeking relief in federal court. For the reasons discussed below, it is recommended that the amended petition [Docket No. 1] be dismissed without prejudice for failure to exhaust administrative remedies.

**Background and Claims**

Petitioner Cyril Wolff is a federal prisoner who is currently incarcerated at FPC–Duluth, Minnesota. He was convicted in the Northern District of Illinois pursuant to guilty plea to one count of wire fraud and was sentenced on December 5, 2008, to 21 months imprisonment and three additional years of supervised release. His current projected good conduct release date is July 20, 2010. A provision of the Second Chance Act allows the BOP to grant an inmate as much as the last 12 months of his sentence in community or home

confinement. 18 U.S.C. § 3624(c)(1).[1] In January 2009, Mr. Wolff submitted a request for individual assessment for a release plan. On February 5, 2009, a Unit Team Meeting was held, and petitioner was advised that a pre-release placement time of 60-90 days would being recommended. The prisoner submitted a subsequent request for explanation of the placement decision on February 9, 2009, to which a staff member responded by stating that the matter was discussed at the initial team review.[2] An additional followup request for explanation on

---

[1] 18 U.S.C. § 3624(c) states in parts pertinent to this action:

> (1) **In general**–The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.
>
> (2) **Home confinement authority**–The authority under this subsection may be used to place a prisoner in home confinement for the shorter of ten percent of the term of imprisonment of that prisoner or six months.
>
> (4) **Assistance**–Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621.
>
> (6) **Issuance of Regulations**–The Director of the Bureau of Prisons shall issue regulations pursuant to this subsection no later than 90 days after the date of enactment of the Second Chance Act of 2007, which shall ensure that placement in a community correctional facility by the Bureau of Prisons is–
>
>> (A) conducted in a manner consistent with section 3621(b) of this title;
>>
>> (B) determined on an individual basis; and
>>
>> (C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community.

[2] Petition, Ex. C. Petitioner disputes specific representations stated in the response regarding considerations under the Second Chance Act.

February 13, 2009,³ was addressed by reference to the previous inmate request. The unit team recommendation would permit the prisoner's RRC placement to begin sometime during the month of April 2010.

Petitioner alleges that the respondent is generally in non-compliance with the SCA because he is not being granted community confinement for a time sufficient to afford him a reasonable opportunity to adjust and prepare for reentry into the community, and that respondent failed to evaluate his situation on an individualized basis. Mr. Wolff further disputes the respondent's contention that the unit team conducted a review that properly encompassed the criteria relating to designation of place of imprisonment to be considered under 18 U.S.C. § 3621(b) and 18 U.S.C. § 3624(c)(6)(A). Those considerations are: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence concerning the purposes for which the sentence to imprisonment was determined to be warranted or recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the United States Sentencing Commission. To the extent that these factors even applied in the unit team's initial review, it was determined that the court had made no pertinent statement; any applicable policy statement by the Sentencing Commission was considered; Mr. Wolff's college education and graduate degree were considered; and it was noted that the prisoner had family support, specialized and general job skills, a residence, financial resources, life skills, and community resources.⁴ Petitioner Wolff did not seek formal

---

³ Id., Ex. D.

⁴ Decl. of Ann C. Kinyon, Attach. B.

4

administrative remedies within the correctional system and now contends that exhaustion of such remedies should not be required on grounds of futility, in light of the limited time available until he would be entitled to the requested relief.

## DISCUSSION

**Exhaustion.** When grievance procedures exist to provide a means for impartial review, a federal prisoner must exhaust available administrative remedies within the correctional system before seeking extraordinary relief in federal court. Willis v. Ciccone, 506 F.2d 1011, 1015 (8th Cir. 1974). The BOP has established a three-tiered administrative remedy program to address prisoner concerns relating to any aspects of confinement. The first tier of the process requires that an inmate initially seek informal resolution of the grievance and, if there is no informal resolution he must present the complaint to the warden of the facility of confinement. 28 C.F.R. Part 542.13. Thereafter, at the second tier, an unsatisfactory response from the warden may be appealed to the BOP Regional Director, and finally, the response of the Regional Director may be appealed to the Central Office of the BOP at the third tier. 28 C.F.R. Part 542.15. A prisoner's complaint has been exhausted, and is thereby subject to district court review, upon receipt of the Central Office response.

Petitioner expressly acknowledges that he has not followed the administrative remedy process in this matter and asserts that the process is futile because the time anticipated for completion of each step in the process would total an amount of time that would place his possible pre-release date well past his requested date of September 1, 2009.[5] Petitioner further

---

[5] Petitioner calculates that up to 220 days would be required to complete administrative reviews. This calculation is based upon each involved party, including himself, using the maximum allowed time to submit appeals and/or responses.

contends that his non-exhaustion should be excused under the authority of Strong v. Schultz, 599 F.Supp.2d 556, 561 (D.N.J. 2009),[6] wherein the court declined to dismiss the case for failure to exhaust, and upon consideration of the merits, remanded the matter to the BOP with instructions to consider granting the prisoner a longer half-way house placement, in accordance with the Second Chance Act.[7]

      The petitioner's position with respect to exhaustion of administrative remedies is seriously flawed in that his argument simply does not establish the existence of circumstances which show time-based futility, and the case authority in which he finds support is highly distinguishable. First, the prisoner's calculation as to the amount of time required to complete the three-tier administrative remedy process is based upon his own use of the entire available time to submit successive appeals, along with unsupported assumptions that the warden, the BOP Regional Director, and the Central Office would each take the maximum amount of time to render their respective decisions, and that such decisions would be adverse to the prisoner. In this regard the court concludes that the petitioner is not entitled to the benefit of the substantially arbitrary presumptions upon which he relies with regard to either the time for appeals or the likelihood of success, and the futility argument therefore fails. Furthermore, the ineffectiveness

---

[6] Petitioner filed a Motion to Amend Petitioner's Rebuttal to Respondent's Response [Docket No. 32] in which he provided additional argument based upon the decision in Strong v. Schultz. The motion is **moot**. The petitioner's submission has been reviewed and the Strong opinion is discussed in this Report and Recommendation.

[7] Strong had been given a six-month half-way house placement and was seeking the maximum 12-month CCC placement, largely because he had been diagnosed with a terminal illness. Strong v. Schultz, 599 F.Supp.2d at 558. The district court specifically advised the BOP to consider designating Mr. Strong to a half-way house for the remainder of his sentence because he had only nine months remaining on the sentence. Id. at 563 n.4.

of petitioner's administrative appeals futility argument becomes particularly apparent when considered in light of the time issues that could arise in an adversarial district court proceeding, including appeals. Therefore, in a matter in which it is argued that time is of the essence, even an outcome wholly favorable to the petitioner in district court does necessarily mean that the petitioner's efforts to bypass the administrative appeal process will have been fruitful. Indeed, this case represents a clear manifestation of the judicial view of the value of the administrative review process as stated by the Eighth Circuit, such that "it may well benefit prisoners to seek administrative relief first since this may be both a more expeditious and advantageous source of relief from unlawful action . . . when proper grievance procedures exist, their utilization benefits the prisoner, the prison authorities and the courts." Green v. Federal Bureau of Prisons, 2002 WL 32619483 at *9 (D.Minn.)(unpublished opinion)(quoting Willis, 506 F.2d at 1015).

Finally, to the extent the Mr. Wolff relies upon Strong v. Schultz as favorable authority with respect to exhaustion of administrative remedies, such reliance is misplaced. In Strong, the district court excused the prisoner from exhausting administrative remedies because he had already completed the full three-step Administrative Remedy Program with respect to essentially the same claim that he was entitled to the full 12-month half-way placement under the SCA, and the purposes of exhaustion would not be served by requiring a second round which would likely moot his SCA claim through no fault of his own. Strong at 561. In the present case, Mr. Wolff commenced his efforts towards gaining maximal SCA pre-trial release time almost immediately upon incarceration and without any reasonable effort whatsoever to obtain an administrative remedy. Moreover, under the circumstances in this instance, the prisoner is not free of fault in any delays in obtaining administrative remedies, and is actually the cause of

7

any such delays. Since the petitioner has not shown that the administrative process was futile or that circumstances exist which would otherwise provide grounds for excusing the prisoner from the exhaustion requirement, the petition should be dismissed without prejudice.

## RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, it is hereby **recommended** that Cyril Wolff's petition under 28 U.S.C. § 2241 for writ of habeas corpus, as amended, be **DISMISSED** without prejudice. [Docket No. 1]. Petitioner's Motion to Amend Petitioner's Rebuttal to Respondent's Response is **moot** [Docket No. 32].


Dated:     June 19, 2009     


    s/ Arthur J. Boylan     
Arthur J. Boylan  
United States Magistrate Judge


Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. Written objections shall be filed with the Clerk of Court and served upon opposing parties before July 6, 2009. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.